**HARRIS v. HARRIS et al.**

No. 14554.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 1, 1943.

Rehearing Denied Nov. 5, 1943.

McLean & Greathouse, of Fort Worth; for appellant.

Hal O. McConnell and Cline & Cline, all of Fort Worth, for appellees.

SPEER, Justice.

Plaintiff Ocie Harris sued his wife, Cynthia Harris, for divorce. The defendant answered with a general denial and a cross-action against plaintiff for a division of the community property. She also impleaded Jim Harris, plaintiff's father,

and sought to recover against him a community interest in the title and possession of a certain house and lot in the City of Fort Worth, Texas, under an alleged parol gift to her and her husband, Ocie Harris. All the parties are negroes.

Cross-defendant Jim Harris, to whom we shall refer by name to save confusion, answered by general denial, and claimed the house and lot in fee simple. He denied that any gift, oral or otherwise, was ever made by him of the house and lot to his son, the plaintiff Ocie Harris, and his wife, Cynthia Harris, or to either of them. He alleged that his son and daughter-in-law, the parties to the divorce suit, were indebted to him in the sum of $300, for rentals on the house in controversy, in which they lived; that he made a deal with them by which the three would improve the house, and that such amount as Ocie and Cynthia expended on the improvements would be credited by him on his indebtedness against them and prayed that neither plaintiff nor defendant take anything against him, and for costs of suit.

A jury trial was demanded and special issues were submitted. The jury found that plaintiff's grounds for divorce existed; plaintiff and defendant were indebted to Jim Harris on July 3, 1939, in the sum of $300; Ocie and Cynthia expended $200 in the repair of the house; Ocie and Cynthia installed the Butane Gas System at an expense of $230; Jim Harris promised plaintiff and defendant that such sum as they expended on the house would be credited on their indebtedness to him; Jim Harris never did promise plaintiff and defendant, or either of them, to give them the property at any time.

Judgment was entered decreeing a divorce to plaintiff from defendant, and awarding the title and possession of the house and lot, by proper description, to Jim Harris, "together with all improvements situated thereon, including the Butane Gas System * * * subject to a lien in favor of Cynthia Harris, in the sum of $65.00, payable $10.00 on the first day of April, 1943, and $10.00 on the first day of each month thereafter until the sum of $65.00 is paid"; and further providing for the writ of restitution in favor of Jim Harris and his costs against both plaintiff and defendant. The motion for new trial was overruled and Cynthia Harris has appealed.

The substance of the points relied upon for reversal is: (1) Error of the court in entering judgment for Jim Harris for title and possession of the Butane Gas System because Jim Harris had not sought any affirmative relief against Cynthia; (2 and 8) failure of the court to order the community property of plaintiff and defendant to be divided; (3) error of the court in entering judgment in favor of Jim Harris for the Butane Gas System because it was not shown to be a part of the realty; (4) there were no pleadings by Jim Harris entitling him to recover the Butane Gas System; (5, 6 and 7) error of the court in decreeing that Jim Harris should pay to Cynthia Harris $65 in $10 monthly instalments because, (a) there were no pleadings seeking such relief, (b) the effect of the judgment was to decree a sale of the Butane Gas System, without pleadings or proof, and (c) the judgment in respect to the Butane Gas System was not a final one, but leaves the matter open for further litigation.

The pleadings of Jim Harris, upon which the judgment is based, are not all that one might wish to see when a party seeks to defend against the claim of title by such an adversary as was Cynthia in this case. She sought recovery of the title under a parol gift from Jim, her father-in-law. Jim's defense to her claim and his right to have his title quieted in him did not depend upon anything more than Cynthia's failure to show her right of recovery against him. It is stipulated as a fact in the record that: "Appellant Cynthia Harris does not complain of any error in that part of the judgment decreeing title to said real estate in Jim Harris." Insofar as the several points of error relied upon complain of the insufficiency of the pleadings of Jim Harris to entitle him to recover the real estate, there is no merit. Defendant Cynthia, in her brief, relies upon the provisions of Article 2211, R.C.S., Vernon's Ann.Civ.St., and the many cases cited thereunder in the annotated statutes, to support her contention that the judgment must conform to the pleadings and the nature of the case proved, etc., as provided by Rule 301, Texas Rules Civil Procedure, which superseded the cited statute. We have so treated the citation and think it the better practice to cite the rule of procedure, if, as in this case, the statute was repealed and replaced by the rule;

this, however, does not affect the point the parties seek to have reviewed.

Under the provisions of Rule 67, T.R.C.P., if issues are not raised by pleadings, and such issues are tried out by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings. The judgment of court indicates that the point complained of was tried out by the parties and acted upon by the court, and there is nothing to the contrary shown. We must presume by the action of the court, in such circumstances and under the last cited rule, that the matter was properly before the court.

The purported statement of facts consists mainly of stipulations plus some questions and answers of two witnesses. Among what we term stipulations of facts, we find that Ocie and Cynthia accumulated some community property "of which a part was what the evidence shows to be a Butane Gas System. No evidence as to just what a Butane Gas System is, with reference to whether it was real estate or personal property, was introduced, excepting the testimony of Jim Harris * * * and Ocie Harris, which testimony is attached." We shall notice that testimony later.

In her cross-action against her husband for partition of community property, Cynthia alleged that they owned a Butane Gas System of the value of $300 and household and kitchen furniture and other effects of the value of $150; there are further allegations to the effect that the community between her and her husband owned the house and lot, under a parol gift from Jim Harris.

The verdict of the jury removed her claimed rights in the house and lot. There is no testimony of any character concerning the existence of household and kitchen furniture.) Points 2 and 8 assert error because no partition of community property was awarded her. The asserted community interest in the gas system appears to be the sole bone of contention.

The "stipulations" further show that no complaint is made by Cynthia of the sufficiency of the testimony to support the divorce decree, nor is there any complaint of the sufficiency of the testimony to support the jury finding against her relating to the parol gift, of the house and lot.

The parts of the testimony attached to the stipulations make it difficult for us to understand what testimony was before the court, but in the testimony of Ocie Harris we find that he replied to an inquiry that he put $430 into the house; he said they bought the Butane Gas System about two years (apparently) after they had made other repairs on the house. It appears to us from this testimony that the price of installing the gas system was included in the item of $430 expended by him and his wife in the repairs. There is nothing in Jim Harris' testimony relating to the gas system.

With this meager testimony, the court obviously treated the Butane Gas System as a part of the realty. It is commonly known, and we may take judicial knowledge of the fact, that there are many different types and kinds of gas systems— some are owned and operated by the property owner, while others are owned by Utility companies and the property owner acquires gas at a given point for passage into designated equipment furnished by him on his own premises. It occurs to us that in the latter instances the installation of pipes and other equipment on one's own premises used to convey the gas from a Utility Company's line to the stoves, plates and water heaters in the house would be a part of the realty in the absence of some contract between the real estate owner and a tenant to the contrary. But in this case there is not a line of testimony tending to show the nature of a Butane Gas System—whether it was wholly installed on the real estate or that there was any contract between the real estate owner and the tenant for its removal at the end of the rental period. In view of the fact that Ocie Harris included the expense of it in what he termed repairs on the house, we believe the trial court properly considered it a part of the realty.

The appealing defendant made no objections to the special issues submitted and requested no additional ones, and under Rule 279, T.R.C.P., has waived any right to complain of the submitted issues or that others were not submitted.

Before defendant Cynthia Harris could recover in this case for a division of community property as against the plaintiff, the burden was upon her to show that there was community property to be divided. This was material to her right of recovery; as above pointed out, she

made no objection to the charge as prepared and presented no requested issues. Of course, under the cited rule, she waived the submission of any inquiry as to whether or not there was any accumulated community property owned by her and the plaintiff. The judgment entered was based upon the theory that the Butane Gas System was a part of Jim Harris' realty, and under Rule 279, T.R.C.P., it is also provided that upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived. The last· cited rule further provides in effect that if an issue material to a party's rights has not been submitted, and there is evidence to support a finding thereon, such party may, by request óf the court under the conditions set out, procure a finding by the court thereon absent such request and findings, "such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment." In the instant case no request was made by defendant for a finding on whether or not there was community property or whether the Butane Gas System, under the facts before the court, was community property, or part of the realty. If it was part of the realty, as the effect of the judgment entered seems to indicate, then there was no jury question for determination.

Referable to points 5, 6 and 7, it is asserted that it was error for the court to award to Jim Harris, along with⸝the real estate, the gas system, adjudge a sale of the system to Jim Harris and to enter a judgment that was not final because not supported by the pleadings and evidence. Under the conditions above set out, we think Jim's recovery of the real estate was justified. It was stipulated that Cynthia makes no complaint on appeal on account of such recovery because of the jury finding. Moreover, such pleadings as were made by Jim Harris and procedural rules pointed out above supplied the lack of more definite pleadings.

As we construe the record, there was evidence to support a finding that in putting $430 into the repairs on the house by Ocie and Cynthia, they over-paid Jim Harris by $130, which would constitute a community claim by them against Jim for that amount, one-half of which claim belonged to Cynthia. This one-half, or $65, against Jim Harris was awarded to Cynthia, to be paid by Jim Harris in monthly instalments. The judgment in this respect is not subject to the error assigned that it was not final. Under proper conditions, a court may enter a judgment and stay execution on it for a given time, and in this case if the instalments are not paid, 'Cynthia's debt is well secured and, as we view it, she is in better position than she would have been, had she chosen to sue and recover of Jim Harris on the unsecured community claim owing by him. The course pursued by the trial court was at least an adjustment of the equities between the parties without the necessity of other forms of litigation. Cynthia complains because she was awarded this relief; it is without merit. As far as the remaining part of the community claim is concerned, it belongs to plaintiff Ocie Harris; he asked no relief against his father, and has not appealed from the judgment entered.

Much of what we have said last above is based upon the jury finding to the effect that Ocie and Cynthia owed Jim Harris $300; the three entered into an agreement to repair the house; that whatever amount Ocie and Cynthia put into the repairs would be credited on what they owed Jim Harris; that they put $200 into certain of the repairs and installed the Butane Gas System, at an expense of $230. The effect of Ocie Harris' testimony is that he put $430 into the repairs on the house. Of course, he contended that Cynthia paid no part of it, but being paid out of community funds, she did have a community interest in it. The excess of $130 over and above the indebtedness to Jim Harris constituted a claim against Jim Harris to that extent, for he received the benefit of it in the probable enhanced value of his property and should be and was by the court held liable therefor. We conclude that substantial justice has been meted out to all parties and that the judgment should not be disturbed.

For the reasons stated, the judgment should be and is hereby affirmed.