STATE DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Edward Russell COX, Appellee.

No. 14899.

Court of Civil Appeals of Texas.

Dallas.

March 18, 1955.

On Rehearing April 15, 1955.

Rehearing Denied May 13, 1955.

record before us is inclusive only of a transcript containing original petition of Cox filed in County Court at Law No. 2, Stay Order of Judge Hart, motion of Cox for judgment on pleadings, and order of the named Court holding void a prior finding of the Corporation Court of the City of Dallas, on which the departmental order of suspension was based. From this judgment and restoration to Cox of his rights and privileges as a motor vehicle operator, the Department of Public Safety has duly perfected appeal to this Court.

Under provisions of 6687b (Texas Drivers License Law), appellant agency is charged with the responsibility of supervising the safe operation of motor vehicles over the roads and highways of Texas. Various acts and omissions on part of any automobile driver are there detailed, constituting offenses, and giving rise to action by the Director of Public Safety to the end of suspension or revocation of license; section 22(a) headed "Authority of Department to suspend or revoke a license" reading in part: "When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter. Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing. For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides. Such court may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relative books and papers. It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department. Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same

Henry Wade, Criminal Dist. Atty., J. J. Fagan and Dee Richardson, Assts. Dist. Atty., Dallas, for appellant.

James L. Mitchell, Dallas, for appellee.

YOUNG, Associate Justice.

The controversy involves the authority of appellant agency to suspend appellee's license to drive a motor vehicle pursuant to Art. 6687b, §§ 22, 31, V.A.C.S. The

to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo. * * *" Section 31 is also pertinent: "Any person denied a license or whose license has been cancelled or revoked by the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the county court of said county, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Act. Provided the trial on appeal as herein provided for shall be a trial de novo and the licensee shall have the right of trial by jury and his license shall not be suspended pending the appeal. Provided further in cases herein provided for suspension of license, the filing of the petition of appeal shall abate said suspension until the trial herein provided for shall have been consummated and final judgment thereon is had."

In the same connection we glean from the pleading of Cox and aforesaid judgment of the County Court at Law No. 2 of Dallas County, the following facts: That appellant prior to February 13, 1953, had filed an action in the "Corporation Court of Dallas, Texas," charging Cox with infraction of section 22(b), the Corporation Court on that day making "an affirmative finding"; that in consequence the Department on January 28, 1954 had ordered suspension of the driver's license of Cox for a period of six months from said date; Cox duly appealing to the County Court at Law as authorized by section 31; primarily urging invalidity in toto of the departmental order of suspension, in that section 22(a) fixed initial jurisdiction for suspension of license in the "mayor of the city, or *judge of the police court*, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides" (emphasis ours), whereas appellant's order in question was based on an *affirmative finding of the Corporation Court of Dallas, Texas;* a tribunal not designated in section 22(a) as having jurisdiction thereof.

It is our conclusion that appellant's order of suspension, based on an affirmative finding of the "Corporation Court of Dallas, Texas", is void as found by the trial court. "The proceedings of administrative agencies, and the remedies administered thereby, are, of course, wholly statutory; and one who seeks to avail himself thereof must comply with the statutory provisions. These provisions are mandatory and exclusive; and conformity thereto in each and every particular is essential to the exercise of jurisdiction by the agency." 1 Tex.Jur. Supp. 107, sec. 22; American Surety Co. v. Mays, Tex.Civ.App., 157 S.W.2d 444, 446. "Administrative authorities are creatures of statute and have only such powers as the statute confers on them. Their powers must be exercised in accordance with the statute bestowing such powers, and they can act only in the mode prescribed by statute. * * * They cannot rightfully dispense with any of the essential forms of proceedings which the legislature has prescribed for the purpose of investing them with power to act." 42 Am.Jur. 379, sec. 68. Section 22 of Art. 6687b requires that actions taken by the Department for suspension or revocation of license shall begin by notice and written charges before the "mayor of the city, or judge of the police court, or justice of the peace"; and while "police court" is not mentioned in Dallas City ordinances, the term is obviously synonymous with "city," "municipal," or "corporation court"; 21 C.J.S., Courts, §

131, p. 198; the judge of that court to constitute one of the administrative officials for the initial hearing and "affirmative finding"—the prerequisite of departmental order of suspension—which in turn forms the basis of the contemplated judicial review. The Dallas Corporation Court on the other hand is itself a judicial body, with jurisdiction in all criminal cases arising under the ordinances of the particular municipality; Art. 1195, V.A.C.S. And while in section 22(a) the mayor, police judge, and justice of peace are later referred to as a "court," we do not think the Legislature intended to impose the administrative duties there authorized upon the Corporation Court of Dallas, but rather the judge thereof is made such administrative official; Prince v. Garrison, Tex.Civ.App., 248 S.W. 2d 241; and Judge Hart properly held null and void the departmental hearing and order under review. As already pointed out, a conformity to statutory requirements is essential to the exercise of jurisdiction by that agency.

The judgment under review is accordingly affirmed.

DIXON, C. J., dissents.

On Rehearing

DIXON, Chief Justice.

When the original majority opinion was delivered I dissented without a written opinion. I still entertain the same views about this case, so I now say that appellant's motion for rehearing should be sustained, the trial court's judgment should be reversed, and the cause remanded for another trial.

Appellee was the plaintiff in the trial court. His petition and his motion for judgment on the pleadings are the only pleadings shown in the transcript of the record before us.

Appellee as plaintiff filed and the court sustained a motion for a final *judg-ment on the pleadings*. Therefore we may look only to appellee's pleadings as a basis for the court's judgment.

In his unsworn original petition filed February 8, 1954 appellee alleges four reasons why the court should set aside the Department's order suspending his license. Here are the four reasons: (1) The affirmative findings on which the order was based were made by a licensed employee of the Department of Public Safety, not by the Corporation Court of the City of Dallas; (2) the action of the Department was arbitrary and unreasonable in that "they did not have sufficient facts before them to warrant the suspension of your plaintiff's driver's license"; (3) "In truth and in fact he is a careful and prudent driver, and there is no reason in law and in fact for the Department of Public Safety to suspend this plaintiff's driver's license"; and (4) the statute, Art. 6687b, V.A.C.S. "is arbitrary and contrary to the laws of the State of Texas and the Constitution of the United States of America."

It is obvious that none of the four reasons above listed furnished a proper basis for the trial court's action in sustaining appellee's motion for judgment on the pleadings. The first three reasons raise fact issues which would require the introduction of evidence before they could furnish a basis for a judgment. Certainly the pleadings alone are not to be looked to as evidence of the truth of their own allegations on fact issues. 17 Tex.Jur. 356. The fourth reason is an erroneous conclusion of law, which did not and could not properly constitute the basis of the trial court's judgment.

The trial court in his judgment found as a fact that the action of the Department "* * * was based on an affirmative finding of the Corporation Court of the City of Dallas, Texas * * *"—a finding which is in direct conflict with the first of the reasons given in appellee's petition, in which appellee expressly alleges "there was in fact no action taken by the

Corporation Court in the City of Dallas in this matter."

Appellee in his motion alleges another ground which is not only inconsistent with the allegations in his own petition, but is also an erroneous conclusion of law. He points out that Art. 6687b refers to a "police court". He then asserts in substance that the Dallas Corporation Court is not a police court, hence does not come within the terms of the statute. This is evidently the reason relied on by the trial court for sustaining the motion for judgment on the pleadings, for the court says that the statute "specifically designates *Tribunals* for jurisdiction in such matters, the Corporation Court not being under such *Tribunals* designated." (Emphasis supplied).

Appellant correctly argued under its one point on appeal that the words "police court" as used in the statute are synonymous with the words "corporation court" and that the trial court was in error in holding otherwise. That the terms are synonymous was the holding in the original majority opinion in this case, and on rehearing in the case of Prince v. Garrison, Tex.Civ.App., 248 S.W.2d 241. It follows that appellee was wrong in asserting the contrary conclusion in his motion for judgment on the pleadings, and the trial court was in error in relying on such wrong legal conclusion as the basis for sustaining the motion for judgment on the pleadings.

Nor can it be correctly said in support of the judgment that appellant is bound by Rule 67 V.R.C.P. in that by express or implied consent appellant tried the case on issues not raised by the pleadings, for it must be remembered that the record shows that the court sustained appellee's motion for *judgment on the pleadings*. Therefore we may look only to the pleadings themselves, and not elsewhere beyond or outside the pleadings, for issues in support of the trial court's decision.

Further, this is not a case in which we may affirm the judgment on the ground that the trial court, though he assigned the wrong reason, rendered a proper judgment. We cannot know whether the judgment is proper until we know, for example, whether in fact the affirmative findings were made by a licensed examiner of the Department of Public Safety, as alleged by appellee, and that fact issue, as well as other fact issues that may be injected into the case in a trial on the merits, cannot be determined until evidence has been heard by the trial court. Certainly such fact issues cannot be decided by looking only to appellee's pleadings.

I agree with the original majority opinion that it is the intention of Art. 6687b, when properly interpreted, to place affirmative fact finding responsibilities on the *judge* of the police court (corporation court) as an administrative agent, not on the police court (corporation court) itself as a judicial tribunal. Ordinarily it will be presumed that the judge in making the affirmative findings, did act in his capacity as an administrative agent, and not as a court. The original majority opinion is in error, as I see it, when said majority opinion *assumes* just the opposite: That the affirmative findings in this case were made by the Dallas Corporation Court as a judicial tribunal, not by the judge as an administrative agent. Certainly appellee's pleadings do not furnish a basis for any such assumption.

But that question too could become a fact issue in a trial on the merits. It might then be shown by a preponderance of the evidence that the affirmative findings were in fact attempted to be made by the police court (corporation court) as a judicial tribunal as part of its judicial functions, not by the judge acting simply as an administrative agent. But that was not the issue on which this case was tried and decided, nor did the question enter into the trial so far as the record shows.

In any event, in my opinion the judgment now before us ought not to be allowed to stand, for there is no basis for the trial court's action in sustaining ap-

pellee's motion for judgment on the pleadings.

Judge Cramer has indicated that he concurs with me as to the disposition which should be made of this appeal.

Therefore appellant's motion for rehearing is sustained, the judgment of the trial court is reversed, and the cause is remanded for another trial.

CRAMER, Justice (concurring).

On rehearing appellant asserts that we erred in construing Art. 6687b, § 22(a), V.A.C.S., in that under the Act the judge would be acting in his judicial capacity in performance of the duties imposed on him under the Act, and not in an administrative capacity only.

I am of the opinion on rehearing, as held in Prince v. Garrison, Tex.Civ.App., 248 S.W.2d 241, that the statute properly interpreted, contemplates that an affirmative finding of fact should be made by the judge of the corporation (police) court; such finding however would not be a judgment revoking a license, but only an administrative act, to wit, a finding of fact to be certified to the Department of Public Safety; that such Department may as an administrative body take such action with reference to the revoking of appellee's license as it deems appropriate under the rules governing such matters; and that as held in the Prince case, supra, the judge in making the original findings of fact, acts as an administrative officer, and not as a court.

I am further of the opinion that the record shows the pleadings of appellee make a question of fact for the trier of the facts upon the formal trial of all controverted issues on the merits—a question of whether or not the findings of fact necessary to the validity of the action taken by the director of Public Safety, in suspending appellee's license, were made by the judge of the corporation (police) court, or by a licensed examiner employee of the Department of Public Safety. The petition in this case alleges it was before a licensed examiner, and if such allegation is true, Art. 6687b, § 22 has not been complied with and the action by the Director was not based on a necessary prerequisite, to wit, that the findings were made by the administrative official named in the statute, namely, the judge of the corporation (police) court.

Under such conclusion we should grant the motion for rehearing and on such rehearing reverse the judgment of the trial court and remand the cause for a new trial on the fact issues raised by the pleadings, to wit, whether the matter was heard by the judge of the corporation (police) court or by a licensed examiner employee of the Department of Public Safety, together with such other controverted fact issues as may develop from the evidence on such retrial of the cause.

Chief Justice Dixon and I now agree on the disposition of this cause. Therefore I concur in sustaining the motion for rehearing, reversing the judgment of the trial court, and remanding the cause for a new trial.

YOUNG, Justice (dissenting).

The Department of Public Safety does not predicate its appeal on the grounds now seized upon by the majority for reversal of cause. To the contrary, both parties hereto, in briefs and on rehearing, merely take opposite views of the following question of law: Whether the initial finding contemplated by Article 6687b, § 22, was to be made by the corporation (police) court, a judicial tribunal, or the judge of said court as an administrative official. It was decided in original opinion that the statutory words "mayor of the city, or judge of the police court, or a justice of the peace", made the corporation court *judge* one of such administrative officers; a conclusion with which my associates still agree. All parties to this appeal having acquiesced in the foregoing construction of

pleadings, any deficiencies therein become immaterial perforce of Rule 67, T.C.P., in part providing: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Source of above proviso is Federal Rule 15(b), 28 U.S.C.A.: "Where issue was tried in habeas corpus proceedings by express or implied consent of the parties, although not raised by the pleadings, it was required to be disposed of by the court. Hamilton v. Hunter, D.C.Kan.1946, 65 F.Supp. 319." Note 29, p. 611. "Where issue was not raised by pleading, but was considered at trial without objection, issue would be treated as if it had been raised in pleadings. Byers v. Fuller, D.C.Ky.1945, 58 F.Supp. 570." Id., Note 28, p. 610. "Where issues not raised by pleadings are tried by consent of parties, they are treated as if they had been raised in pleadings, and failure to amend pleadings to conform to evidence does not affect the result of trial. Hutchins v. Akron, C. & Y. R. Co., 6 Cir., 1947, 162 F.2d 189." Id., Note 28, p. 609. "Where judgment indicated that point complained of on appeal was tried out by parties and acted upon by trial court, Court of Civil Appeals would presume that the matter was properly before trial court under rule of procedure providing that issues not raised by pleading but tried out by consent of parties shall be treated as if raised by pleading. Rules of Civil Procedure, rule 67." Harris v. Harris, Tex.Civ.App., 174 S.W.2d 996, syl. 3. "Under Civil Procedure Rules, even though defendant wholly fails to file an answer, if the parties appear and try the case on certain issues without any objection of plaintiff, he cannot raise the issue of insufficiency of defendant's pleadings for the first time on appeal. Rules of Civil Procedure, rules 67, 90." Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, syl. 2.

The allegations of fact in said original petition of appellee Cox and his further statements as reflected in motion for judgment are in conflict, it seems to me; but even if the initial hearing for suspension of driver's license had been "before a licensed examiner employee of the Department of Public Safety," it constituted, nevertheless, a void proceeding as held by Judge Hartt. So why the case must be reversed for purpose of determining on which of two void alternatives it is to be ultimately tried, remains a puzzle to the writer. The law does not require the doing of a vain or useless thing.

I adhere to the majority's original opinion of affirmance.

On Appellee's Motion for Rehearing

DIXON, Chief Justice.

The record before us indicates that the trial court concluded that the Dallas Corporation Court is not a "police court." The record is somewhat confusing, but that is evidently the basis of the trial court's judgment. In so concluding we think that the trial court was in error. The term "corporation court" is synonymous with the term "police court." We agree with appellant's statement in the argument under its one point on appeal: "It is unreasonable to think that the legislature was thinking about any other court than the Corporation Court when they included the 'police' court."

Appellee in his original brief and in his motion for rehearing says that the judgment on its face shows that there was a trial before the trial court with both law and facts being submitted to the trial court; hence we were in error in saying that the judgment appealed from was based only on the pleadings.

We are unable to agree with appellee. The record shows that on May 28, 1954 appellee filed a "motion for judgment on the pleadings", on the grounds that "The Dallas Corporation Court is not a Police Court, * * *." On the same day the court rendered the judgment appealed from. It is true that the court's judgment says that a jury was waived, "all matters both of law and of fact, being submitted to the court * * *"; but later on in the court's judg-

ment is this recital: "* * * and the court having considered the pleadings and the motion filed by petitioner, being a Motion for Judgment on the pleadings * .* *." The court then proceeds to render judgment on the grounds presented in the motion for judgment on the pleadings—in effect, that the Dallas Corporation Court is not a police court. It is significant that the court's judgment nowhere recites that the court *considered* any evidence. And the record does not contain a statement' of facts.

Appellee's motion for rehearing is overruled.

YOUNG, J., dissents.