**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**COCKE, Appellee.**

No. 10404.

Court of Civil Appeals of Texas.

Austin.

June 13, 1956.

John Ben Shepperd, Atty. Gen., J. Fred Jones, Asst. Atty. Gen., for appellant.

Joseph Cocke, Benton Coopwood, Austin, for appellee.

GRAY, Justice.

Appellant, the Texas Department of Public Safety, has appealed from a judgment of the County Court at Law of Travis County sustaining appellee's pleas in abatement, pleas to jurisdiction and special exceptions to its petition seeking an affirmative finding under the provisions of Sec. 22 of Art. 6687b, Vernon's Ann.Civ.St. This judgment recites that "it is the opinion of the court that the facts alleged are insufficient and the law is with the defendant."

There is no statement of facts before us but the record consists of a transcript only. The judgment then is on the pleadings and will be so treated.

On May 15, 1955, appellant filed a petition in the Corporation Court of the City of Austin complaining of appellee and praying for an affirmative finding authorizing a suspension of appellee's operator's license. The petition alleges that "defendant is an habitual violator of the traffic law; has

been responsible as a driver for an accident resulting in serious property damage, * * *"

The petition alleges that appellee has been charged with three separate offenses of speeding; one offense of negligent collision; one offense of making an illegal left turn and one violation of a stop sign control ordinance for which the sum of $3 was paid and credited to appellee in Cause No. 166,778 on the docket of the Corporation Court. The allegations give the date of the alleged offenses resulting in the alleged charges and refer to the records of the Clerk of the Corporation Court of the City of Austin as showing said charges. The petition further alleges "That, heretofore, on or about the 9th day of December, 1953, defendant, while driving and operating a motor vehicle in or about the 1200 block of Rio Grande, within the corporate limits of the City of Austin, Travis County, Texas, did cause said motor vehicle to strike and collide with another motor vehicle resulting in serious property damage." It was alleged that this collision resulted in the charge of negligent collision supra.

By letter dated April 8, 1955, and sent by registered mail the Director of the Department notified appellee of steps taken. This letter in part is:

"We regret that it becomes necessary to summon you to appear before the Judge of the Corporation Court of the City of Austin, at 9:30 A.M., on April 29, 1955, at which time we intend to present evidence showing cause for the suspension of your Operator's License for a period of time not to exceed one year, as provided in Section 22, Article 6687b, R.C.S.

"A copy of the charges that will be heard at that time is attached.

"* * * Encl. Registered Mail Return Receipt Requested."

Thereafter appellee filed an answer and on April 29, 1955, an affirmative finding authorizing the suspension of appellee's operator's license for a period not to exceed one year was made. The finding recites that the charges, testimony of witnesses and argument of counsel were heard.

Appellee appealed from the above finding to the County Court at Law of Travis County. Appellee's petition on appeal was filed April 29, 1955. It recites that the appeal is filed "under Section 31 of Article 6687b, V.R.C.S., and as provided under said statute" and again the petition recites that appellee takes "the right of appeal granted under the provisions of Article 6687b, Section 31, V.R.C.S." and that the petition is filed within the thirty day period provided by law. The petition prayed that the Corporation Court be directed to transmit a transcript of the record in the cause to the County Court at Law, that appellant be notified of the filing of the petition, that the suspension of appellee's operator's license be abated until the appeal is determined and that the cause be set down for hearing etc.

On April 29, 1955, the County Court at Law entered its order granting appellee's prayer and providing that the revocation of the driving privilege of appellee "as contained in the order of the Texas State Department of Public Safety and the orders entered in said Corporation Court on April 29, 1955, be, and the same are hereby, abated until the final determination of this appeal."

There is nothing in the record before us showing that the driving privilege of appellee has been revoked or suspended or that any action toward that end was taken subsequent to the affirmative finding supra, and appellee's petition makes no allegation that any such action was taken.

Appellee's petition before the County Court at Law urged that appellant's petition should be abated and dismissed. It urged a plea of jurisdiction, pleas in abatement, special exceptions, general and special denials. We deem it not necessary to

here set out and discuss these pleas and exceptions for reasons later stated.

Appellee has filed a motion to dismiss this appeal and urges that it is an appeal from an administrative order and that this Court is without jurisdiction because no right of appeal from an adverse finding is given by Art. 6687b, supra, to the Department.

In support of the above motion appellee cites Prince v. Garrison, Tex.Civ.App., 248 S.W.2d 241. No writ history. The appeal there was from an affirmative finding by the County Court and the Court of Civil Appeals dismissed the appeal. At any rate the appeal there was under Sec. 22(a). In the case before us the appeal was to the County Court at Law which appeal is authorized by Sec. 31 and not by Sec. 22(a). On the question of jurisdiction of an appeal under Sec. 31, see: State Department of Public Safety v. Cox, Tex.Civ.App., 279 S.W.2d 661, er. ref., n. r. e.; Department of Public Safety v. Robertson, Tex.Civ. App., 203 S.W.2d 950. No writ history.

The appeal in State Department of Public Safety v. Cox, supra, was from the County Court at Law No. 2 of Dallas County. In Department of Public Safety v. Robertson, supra, the appeal was from the County Court of Brown County where there is no County Court at Law. Art. 1970, Vernon's Ann.Civ.St. In the latter case the Court of Civil Appeal expressly held that it had jurisdiction of the appeal. In the former case the Court of Civil Appeals necessarily held it had jurisdiction of the appeal for otherwise it would have dismissed the appeal instead of reversing and remanding the cause. 3-A Tex.Jur. p. 42, Sec. 34.

Supra we have quoted from appellee's petition appealing from the affirmative finding wherein it is stated that the appeal is taken under Sec. 31. In the motion now under consideration appellee says that it is obvious that this was error:

"In citing that the appeal was in accordance with Section 31 rather than Section 22, appellee may have been in error, for the act is 'somewhat confusing'. The error, if such there was, is obvious on its face, and it is conceded throughout by the appellant that 'an affirmative finding of fact' and not a suspension, revocation or denial of one's Operator's License by the Department is the subject matter of the appeal."

In appellee's brief it is said that appellee:

" * * * appealed to the County Court at Law for de novo hearing on the Department's petition for an affirmative finding of fact, as permitted by statute. On hearing, the Judge of the County Court at Law sustained the defendant's pleas in abatement and special exceptions denying an affirmative finding of fact to the Department of Public Safety, from which order denying an affirmative finding of fact this appeal is prosecuted."
Sec. 31 provides:

"Any person denied a license or whose license has been cancelled or revoked by the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the county court of said county, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Act."

The section further provides that the trial on appeal shall be de novo; that the licensee shall have the right of trial by jury; that the license shall not be suspended pending the appeal, and that the filing of the petition of appeal shall abate the suspension until a final judgment is had.

In prosecuting the appeal from the administrative finding by the proceedings and steps noted supra appellee followed the proceedings provided for in Sec. 31 and asked and received the advantages of abatement therein provided for but now says the appeal was under Sec. 22(a) which we quote in part:

"When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter. Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing. * * * Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo."

It follows that an appeal did not lie under Sec. 31 for the reason that appellee's license was not revoked or cancelled. The result is that the County Court at Law did not acquire jurisdiction to enter any judgment in the cause for which reason the appeal must be dismissed.

It is also our opinion that the appeal from the affirmative finding of the Corporation Court cannot be construed to be an appeal under Sec. 22(a). This is true for the reason that Sec. 22(a) provides for an appeal to the *County Court* while Sec. 31 provides for an appeal to the *County Court at Law* and if there is no County Court at Law in the county then to the County Court of the county. The latter provision of course has no application here.

As is noted supra the appeal from the affirmative finding was to the County Court at Law which is not authorized by Sec. 22(a).

The right of appeal here involved exists by reason of statutory legislation and not under the Constitution or the common law and it was within the power of the Legislature to designate a particular court to hear and determine the appeal provided for. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 367, 372, wherein the Court said:

"In such a case where the statute, as this one does, provides that the suit shall be filed in a particular court, it demonstrates a conclusive legislative intent to designate such court as the only tribunal where such matter can be litigated, and, as said by our Supreme Court, speaking through Judge Cureton, in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1088: 'In special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional.' "

The foregoing was prepared as the opinion of the Court; however the majority construe the appeal to be under Sec. 22(a). I cannot agree with this construction for the reasons already stated.

It is my opinion that the County Court at Law did not acquire jurisdiction of the appeal from the affirmative finding and that it was without jurisdiction to enter the judgment complained of.

We are agreed that the appeal must be dismissed but disagree as to the reasons for dismissal. It is my opinion that because the County Court at Law never acquired jurisdiction its orders abating the orders of the Corporation Court are without effect and that the affirmative finding by that court is existing.

The appeal is dismissed.

Appeal dismissed.

HUGHES, Justice (concurring).

This case, involving a question of statutory procedure, is of great importance to the governmental agencies charged with enforcing our motor vehicle drivers' license laws and of course to the public in general.

The particular statutes with which we are concerned are Secs. 10,[1] 22, and 31 of Art. 6687b, V.A.C.S.

It is my construction of these statutes that they provide for a person whose drivers' license is sought to be suspended with three separate opportunities for having the facts determined, the first two hearings before administrative officers and the third before a court including the right to a jury.

The first hearing is before a Mayor, City Judge or Justice of the Peace under Sec. 22. The purpose of this hearing is to find the facts regarding the charges filed and certify such findings, if they affirm the charges, to the Department of Public Safety which has the authority to suspend the drivers' license for a period not to exceed one year.

The second hearing is, in the event of an appeal as provided in Sec. 22, before the "*county court*" where the appeal is to be "tried de novo."

This is the provision which gives rise to confusion. But for section 31, later noticed, it might be argued that by this provision a full trial before the "county court" was authorized.

My view is, however, that it merely vests the County Court with the same authority originally vested in the Mayor, etc., i. e., to find the facts as to the matters charged and, if in the affirmative, to certify them to the Department.

This is the holding of the Eastland Court in Prince v. Garrison, Tex.Civ.App., 248 S.W.2d 241, which I believe to be correct.

The third hearing is before the County Court at Law (or if there is no such court then before the County Court) where a full trial on the law and facts and with a jury is provided under Sec. 31.

There is considerable doubt in the case before us as to whether appellee attempted to perfect her appeal under Sec. 22 or under Sec. 31.

If the appeal is under Sec. 31 and such an appeal is permissible without first resorting to the appeal under Sec. 22 to the "county court" then we have jurisdiction of this appeal under Art. 2249, V.A.C.S., and since the judgment, no matter how erroneous it may be, finally disposes of the controversy we must dispose of the case on its merits and not dismiss the appeal.

Whether a driver may by-pass the second hearing and proceed directly under Sec. 31 I do not now decide because I do not believe, from the record, that appellee has knowingly waived her right to have a fact finding made by the "county court" under Sec. 22.

The record reflects that she was in an understandable state of confusion as to how she should proceed.

I concur in dismissing this appeal because, in my opinion, the appeal proceedings below, imperfect as they are, were under Sec. 22 and not under Sec. 31, and under Prince v. Garrison, supra, no appeal to this Court lies from the affirmative findings made by the "county court" under Sec. 22.

ARCHER, C. J., joins in this opinion.

---

1. Sec. 10 is involved only because it is referred to in Sec. 22.