**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Narciso GIL, Appellee.**

**No. 10405.**

Court of Civil Appeals of Texas.

Austin.

June 13, 1956.

John Ben Shepperd, Atty. Gen., of Texas, William H. Clark, Asst. Atty. Gen., for appellant.

Patricio J. Mendez, Austin, for appellee.

GRAY, Justice.

The Director of the Texas Department of Public Safety filed a petition in the Corporation Court of the City of Austin complaining of appellee, alleging that appellee had violated a traffic law of the State of Texas while his operator's license was suspended and praying:

"Wherefore, premises considered, plaintiff prays the Judge for an affirmative finding in his favor authorizing .. him to suspend defendant's aforementioned license and defendant's privilege to operate any motor vehicle in the State of Texas for a period of time not to exceed one year."

A hearing was had after notice to appellee and at which hearing appellee appeared in person and by attorney, and the Corporation Court awarded appellant an affirmative finding authorizing the suspension of appellee's driving privileges and operator's license for a period of time not to exceed one year.

The affirmative finding recited:

"That, defendant has committed an offense for which automatic suspension of license is made upon conviction, to-wit:

"1. That, heretofore, on or about the 12th day of January, 1955, defendant's license was suspended by the Texas Department of Public Safety after an affirmative finding was rendered by the Judge of the Corporation Court of Austin, Travis County, Texas, showing the defendant to be an habitual violator of the traffic law."

It also recited that on or about February 24, 1955, appellee violated a traffic law by operating a motor vehicle upon a public street in the City of Austin with no operator's license which resulted in $5 being received by the Clerk of the Corporation Court and credited to appellee in Cause No. 175754, and further that appellee on said date so operated a motor vehicle while his license was under suspension.

Appellee appealed to the County Court at Law of Travis County under Sec. 31 of Art. 6687b, Vernon's Ann.Civ.St. That court ordered that a transcript of the proceedings in the corporation court be forwarded to its clerk, that appellant be notified of the filing of the appeal, that the driving privileges of appellee be abated until the appeal was determined and that the appeal be set down for hearing.

Appellee filed his motion "to dismiss and quash the complaint and petition of the Texas State Department of Public Safety for reason that same does not show a conviction for driving while license suspended and sets out no cause or grounds for further suspension of license of this movant."

The County Court at Law sustained the above motion and this appeal is from that order.

Appellant's petition filed in the Corporation Court alleged that appellee's driving license was suspended on or about January 12, 1955, after an affirmative finding by the judge of that court finding that appellee was an habitual violator of the traffic laws, and further alleged:

"That, defendant was issued Commercial Operator's License No. 195081 on the 27th day of September, A.D. 1954, by the Driver's License Division of the Texas Department of Public Safety of the State of Texas.

"That, defendant has committed an offense for which automatic suspension of license is made upon conviction, * * *

"That, heretofore, on or about the 24th day of February, 1955, defendant did violate a traffic law of the State of Texas by operating a motor vehicle upon a public street, within the corporate limits of the City of Austin, Travis County, Texas, with no operator's license, which resulted in the sum of $5.00 being received by the Clerk of the Corporation Court of the City of Austin, Travis County, Texas, and credited to said defendant in Cause No. 175754 of said court.

"That, heretofore and at the time of the aforementioned offense on or about the 24th day of February, 1955, defendant was operating a motor vehicle upon

a public street, within the corporate limits of the City of Austin, Travis County, Texas, while the license of said defendant was under suspension."

The petition prayed for an affirmative finding as quoted supra.

In appellee's petition of appeal to the County Court at Law he alleged that:

"Heretofore, To-wit, on the 12th day of July, 1955, the Corporation Court of the City of Austin, Travis County, Texas, entered its affirmative finding that this petitioner was an habitual traffic violator. That said petition by the Texas State Department of Public Safety for the affirmative finding, was filed in said Corporation Court on the X day of X 1955. That the said Texas State Department of Public Safety demanded on the 12th day of July 1955, the suspension of the Petitioner's Driving privilege. The Court on the same day, July 12, 1955, entered its order of affirmative finding as prayed for in the Texas State Department of Public Safety's petition filed in the Corporation Court of the City of Austin.

"* * * The Petitioner herein hereby avails himself of the right of appeal granted under the provisions of Article 6687b, Section 31, V.R.C.S., hereby filing his petition within the thirty (30) days period provided by law and denying herein that he is a habitual traffic violator and has not been responsible as a driver for any accident resulting in serious property damage, and in manner provided by law requests this Court to hold in abeyance and abatement the order of the Texas State Department of Public Safety heretofore entered on the 12th day of July, 1955, and any and all other orders that may have been entered suspending the Petitioner's driving privilege on the highways of Texas for a period of not more than one year from July 12, 1955."

The record before us consists of a transcript only and appellee has not favored us with a brief.

 The majority construe the allegations of appellee's petition of appeal sufficient to confer jurisdiction on the County Court at Law under Sec. 31 supra for which reason this Court has jurisdiction to determine this appeal. Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950. No writ history. State Department of Public Safety v. Cox, Tex.Civ. App., 279 S.W.2d 661, er. ref., n. r. e. They reach this conclusion because in their opinion the allegations of the appeal petition clearly aver a July 12 revocation of appellee's license by the Department which allegations are, in the absence of fraud, conclusive in determining the potential jurisdiction of the court and because it is not contended here, as in Cocke noted below, that the appeal was under Sec. 22, Art. 6687b, to the "county court" and because they are of the opinion that the appeal under Sec. 22 can be waived and that a direct appeal can be perfected under Sec. 31 to the County Court at Law in the event of such waiver.

We agree that in any event the judgment of the trial court was improper but disagree as to the proper disposition of the appeal.

It is the view of the writer that the appeal is from an affirmative finding, that the County Court at Law did not acquire jurisdiction, that my views expressed in Texas Department of Public Safety v. Cocke, Tex. Civ.App., 292 S.W.2d 827, this day decided is applicable here and that this appeal should be dismissed in accordance with those views. It appears to me that the allegation supra to the effect that the Department on July 12, 1955, "demanded" the suspension of appellee's driving privilege relates only to the petition for an affirmative finding and the hearing had on that petition. It is not an allegation that appellee's driving privilege was on that day or any subsequent day suspended or revoked which step

is a necessary prerequisite for an appeal under Sec. 31. The same may be said of the allegation supra which in effect asks that the order of the Department "heretofore entered on the 12th day of July, 1955, and any and all other orders that may have been entered suspending Petitioner's driving privilege" be held in abatement and abeyance. No order of the Department is alleged as entered on July 12, the only order of that date that is alleged is the affirmative finding prayed for by the Department. It is to be observed that preceding and in connection with this allegation or request appellee denied that he was an habitual traffic violator and had not been responsible as a driver for any accident resulting in serious property damage. Neither of these offenses were alleged in the petition heard July 12 but were allegations resulting in an affirmative finding which was the basis for appellee's license thereafter on January 12, 1955 being suspended.

The appeal to the County Court at Law was filed July 15, 1955, and cannot be an appeal from the January 12 suspension of appellee's license. Section 31 requires that the appeal be taken within 30 days.

Sec. 22(b) of Art. 6687b supra provides:

"The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction".

Sec. 24 of said Art. 6687b provides for the automatic suspension of a driver's license upon the party being convicted of named offenses. Sec. 24(c) provides:

"The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act."

Sec. 25 requires that convictions shall be reported to the Department by the court in which they are had, and if the conviction is for an offense for which automatic suspension of the license is required then the license shall be surrendered to the court and shall be forwarded by the court to the Department along with the report of conviction. It also provides that the court may recommend to the Department that the license be suspended and defines the term conviction.

Secs. 24 and 25 deal with the automatic suspension of licenses upon final conviction for named offenses while the sections quoted supra authorize the filing of a petition for an affirmative finding alleging that a party has committed a named offense which are offenses other than those named for automatic suspension.

It is not required that the alleged offending party must have been convicted of the offense charged before an affirmative finding may be made but only that he has committed such offense—a matter to be proved by evidence at the hearing.

It is our opinion that appellant's petition is not subject to appellee's motion. It is the opinion of the majority that the trial court's judgment must be reversed and the cause remanded.

Reversed and remanded.