Arthur Lee FORBES, III, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY et al., Appellees.

No. 3731.

Court of Civil Appeals of Texas.

Waco.

April 21, 1960.

Rehearing Denied May 19, 1960.

The petition alleges appellant is the owner and holder of a valid and subsisting Texas automobile operator's license issued July 29, 1958; that the Department, acting under authority purportedly conferred by Art. 6687b, Vernon's Ann.Tex.Stats., filed an instrument addressed to the Judge of the corporation court alleging appellant was an "habitual violator of traffic laws" and asking that an "affirmative finding" be made authorizing the Department to suspend the license. It is alleged that the corporation court judge made the requested affirmative finding over the objection that Sec. 22(a) of the statute was unconstitutional.

This action was instituted before subsection 22(c), Acts.1959, 56th Leg., 2nd C.S., p. 161, ch. 41 (S.B. 33) was added to Sec. 22 of Art. 6687b, and such subsection (c) is not involved here.

Art. IV, Sec. 22(a) of Art. 6687b provides that when the Director believes a licensee to be incapable of safely operating a motor vehicle under Sec. 10 of the statute, a hearing may be had before a judge of the police court as therein provided; that the Department is authorized to suspend the operator's license upon determination that he "is an habitual violator of the traffic law" and

"Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo."

Appellant alleged he had not availed himself of the appeal provided because the act is void and an appeal would have been a nullity; that unless temporarily restrained the Department will suspend his

Arthur Lee Forbes, III, Houston, per se.

R. H. Burks, City Atty., Joe Resweber, County Atty., Harris County, Houston, for appellee.

WILSON, Justice.

This appeal is from an order dismissing appellant's action for declaratory judgment on appellees' plea to the jurisdiction. Appellant's action is against the Texas Department of Public Safety, its Director and Regional Commander and the presiding judge of the Corporation Court of Houston. The initial question for determination is whether the District Court had jurisdiction.

license. He contends that the finding, unless declared void, will remain a part of his permanent driving record as a prejudicial entry in official Department records and constitutes a threat or hindrance to future renewals of his license. He asserted invalidity of the quoted provision of the statute under Section 1 of Article 2, and Sections 19 and 29 of Article 1 of the Constitution of Texas, Vernon's Ann.St., because it confers non-judicial duties upon the judicial branch of the government in violation of the doctrine of separation of powers, and the due process clause. He asked for injunctive relief, for a judgment declaring this provision of Art. 6687b unconstitutional and a declaration that the "affirmative finding" is void. Appellees presented pleas to the jurisdiction, contending the remedy of appeal provided by the quoted section of the statute is exclusive. Appellant assigns error to the sustaining of these pleas and dismissal of the action.

Appellant's reasoning is that since Sec. 31 of the statute (providing for de novo appeals to the county court on actual revocation of license) is inapplicable because the Department has not revoked his license, and since the "correctness" of the "affirmative finding" is not an issue in the declaratory judgment action, and since the corporation court judge, acting as a purely administrative officer, cannot decide questions of constitutional law, exclusive jurisdiction has not been lodged by Sec. 22(a) to determine the present question. He says the function delegated is confined to administrative fact finding for the Department.

The problem presented to us is the narrow one of jurisdiction. Construction and application of Sec. 22(a) has been involved in the following Court of Civil Appeals cases: In Prince v. Garrison, Tex. Civ.App.1952, 248 S.W.2d 241, 244, no writ hist., the Eastland Court held that until the license is actually revoked under Sec. 31 and a judicial proceeding is instituted in the County Court "as a court * * *, there is no case in a court"; that both the municipal judge and the county judge act under Sec. 22(a) as administrative, and not

judicial officers, and that an appeal to the Court of Civil Appeals from the "affirmative finding" of the county court is not authorized. In Summey v. Thompson, Tex. Civ.App.1954, 272 S.W.2d 925, no rehearing, the San Antonio Court decided that an order dismissing a suit for injunction against the judge of the corporation court filed prior to a finding in the corporation court, was proper because district courts do not exercise supervisory control over such proceedings. In State Department of Public Safety v. Cox, Tex.Civ.App.1955, 279 S.W.2d 661, 665, writ ref., n. r. e., a majority of the Dallas Court apparently said the initial fact finding is an administrative act of an administrative agent, not a judicial tribunal. The Austin Court in Texas Department of Public Safety v. Cocke, Tex. Civ.App.1956, 292 S.W.2d 827, no rehearing (and see Texas Department of Public Safety v. Gil, Tex.Civ.App., 292 S.W.2d 832, no rehearing) dismissed an appeal from a judgment of dismissal of an appeal under Sec. 22(a) by a county court at law, where there was no showing that the driving privilege had been suspended. The same finding had been made by the judge of the corporation court as was made in the instant case. The court stated that since there was no cancellation, suspension or revocation, an appeal under Sec. 31 was not available; and Sec. 22(a) did not authorize appeals to a county court at law under the circumstances. The majority expressed the view that under Secs. 22 and 31 there are three separate opportunities for having facts determined; two under Sec. 22(a) in which authority is limited to finding and certification of facts; and a third under Sec. 31, where a full trial on law and facts with a jury is provided. The same court in Smith v. Garrison, 1957, 303 S.W.2d 506 no writ hist., held a plea to the jurisdiction in a declaratory judgment suit filed pending an appeal under Sec. 31, was properly sustained, where plaintiff had previously invoked and availed himself of "an adequate administrative remedy" by perfecting his appeal. In Department of Public Safety v. Robertson, Tex.Civ.App.1947, 203 S.W.2d

950, 953, no rehearing,.the Eastland Court stated that under Sec. 31 the county court "did not have the power to act as an administrative body * * * but its inquiry was limited to determination of whether the action of the Department was supported by substantial evidence." The Fort Worth Court in Garrison v. Smith, Tex.Civ.App. 1957, 306 S.W.2d 244, no rehearing, held the substantial evidence rule applies under Sec. 31.

The decisions analyzed demonstrate that Secs. 22 and 31 of Art. 6687b have consistently presented perplexing problems, many of which are unsettled. We are not here concerned with Sec. 31 except as the decisions considering it may affect the immediate problem. Under one line of decisions appellant cannot reach the appellate courts to have his constitutional questions decided through the Sec. 22(a) appeal, and under others the inquiry on appeal to the county court would be so restricted as to thwart presentation of the questions in that court. Whether either or both of these results are inevitable we do not decide, nor do we do more than suggest that the law does not contemplate such an enigma as will deny a forum. Art. 2524–1, Sec. 2 authorizes declaratory judgment actions on behalf of "any person * * * whose rights, status, or other legal relations are affected by a Statute" and provides that thereby they "may have determined any question of construction or validity" under such statute, and obtain a declaration of rights, status or other legal relation.

The issue on which the order or finding of the judge of the corporation court was founded was whether appellant "is an habitual violator of the traffic law" under Sec. 22(b). This is not the issue in this declaratory judgment action. This suit does not involve interference with or supervision of the conduct of the statutory proceeding. Its purpose is not to reverse the fact finding. Appellant does not now seek administrative relief or fact determination as was the case in Craft v. Texas Department of Public Safety, Tex.Civ.App., 306

S.W.2d 739, no writ history. He raises the question of validity of a statute.

The remedy afforded by the Declaratory Judgment Act "is additional and does not supplant any existing remedy." Crow v. City of Corpus Christi, 146 Tex. 558, 209 S.W.2d 922, 924. Even "The existence of another adequate remedy does not bar the right to maintain an action for declaratory judgment" in many cases, for it is an alternative and cumulative remedy. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 714, 172 A.L.R. 837. We do not believe the statute here has provided "an administrative board or other special tribunal" with exclusive jurisdiction for the "particular type of case in hand", under the qualification of the latter opinion.

We are of the opinion that in the present case the District Court had jurisdiction of the action for declaratory judgment. Article 5, Section 8, Constitution of Texas; Art. 2524–1, Sec. 2, Vernon's Ann. Tex.Stats.; Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 583, 57 A.L.R. 2d 97; Marrs v. Railroad Commission, 142 Tex. 293, 177 S.W.2d 941, 947; Board of Water Engineers of State v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722, 724; Railroad Commission v. Houston Natural Gas Corp., Tex.Civ.App., 186 S.W. 2d 117, 121, writ ref. w. o. m.; Anderson, Declaratory Judgments, (2d ed.) pps. 419, 540, 188, 395; Supp. Sec. 201, p. 163–13.1, 26.1, 49.1, 49.2; 14–B Tex.Jur. p. 309, Sec. 13; 172 A.L.R. 854; 24 Tex.L.Rev. 381.

It therefore becomes our duty under this record, which presents the question of constitutionality so as to leave no fact issue for determination, to render the judgment which should have been rendered. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 714, 172 A.L.R. 837.

Sec. 22(a) of Art. 6687b provides that in the event of an affirmative finding, the licensee may appeal to the county court, "said appeal to be tried de novo."

The Supreme Court of Texas has cautiously but consistently indicated the

ambit of construction of Article 2, Section 1 of the Texas Constitution as applicable to statutes claimed to involve exercise by the courts of non-judicial powers. Davis v. City of Lubbock, Tex., 326 S.W.2d 699, 711; Southern Canal Co. v. State Board of Water Engineers, Tex., 318 S.W.2d 619, 622; Board of Water Engineers of Texas v. Colorado River Municipal Water Dist., 152 Tex. 77, 254 S.W.2d 369, 372; and cases therein cited. As against the specific attack made, the precise portion of the section of the statute under consideration is subject to the construction which renders appellant's contentions untenable and the provision not invalid, and we so hold. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 201; Fire Dept. of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666; Southern Canal Co. v. State Board of Water Engineers, supra; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, 790; Tatum v. Texas Department of Public Safety, Tex.Civ. App., 241 S.W.2d 167, 171, writ ref.

The judgment of the trial court dismissing this action is reversed, and judgment is here rendered that appellant take nothing, and the relief prayed for be denied. Costs are adjudged against appellant.