Harvey Ray VORWERK, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 3–87–134–CV.

Court of Appeals of Texas, Austin.

June 29, 1988.

Rehearing Denied Aug. 10, 1988.

J. Matyastik Vorwerk, Taylor, for appellant.

Billy Roy Stubblefield, Co. Atty., Karen Flack, Asst. Co. Atty., Georgetown, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

The County Court at Law of Williamson County rendered judgment authorizing appellee, Texas Department of Public Safety, to suspend appellant's driver's license for refusing to give a breath sample. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5 (Supp.1988). From this judgment, appellant, Harvey Ray Vorwerk, seeks an appeal to this Court. We will set aside the judgment of the court below and dismiss the appeal.

Appellant was arrested on December 27, 1985, for driving while intoxicated. He refused to furnish a breath sample to the officer on request, in violation of art. 6701*l* –5, § 1. Appellee petitioned the Justice Court of Williamson County, seeking affirmative findings that would authorize appellee to suspend appellant's driver's license for 90 days. Art. 6701*l*–5, § 2(f). The justice court made the affirmative findings on April 18, 1986; on the same date, appellant appealed to the county court at law. On March 23, 1987, the county court at law rendered judgment for appellee.

Texas Rev.Civ.Stat.Ann. art. 6687b §§ 22(a) and 31 (Supp.1988) afford a licensee two distinct opportunities to appeal in the event that the justice court enters affirmative findings authorizing license suspension. First, the licensee may appeal the rendition of affirmative findings to the county court of the county in which the justice court hearing was held pursuant to § 22(a). This appeal must be taken before the department actually suspends the driver's license. *Allen v. State*, 410 S.W.2d 52 (Tex.Civ.App.1966, no writ); *see Texas Department of Public Safety v. King*, 366 S.W.2d 215 (Tex.1963). The county court sits in an administrative capacity to find the facts, rather than to enter judgment suspending the license. *Prince v. Garrison*, 248 S.W.2d 241 (Tex.Civ.App.1952, no writ). If the findings affirm the charges, the county court certifies them to the department, which may then suspend the driver's license. *Id.*

Once a driver's license has been suspended, the licensee may appeal under § 31 to the county court at law of the county where the licensee resides. In contrast to an appeal under § 22(a), a license suspension is required for an appeal under § 31. *See Texas Department of Public Safety v. Gil*, 292 S.W.2d 832 (Tex.Civ.App.1956, no writ) (minority opinion). The purpose of a § 31 appeal is to determine the propriety of the license suspension. *Hoover v. Texas Department of Public Safety*, 305 S.W.2d 228 (Tex.Civ.App.1957, no writ). Thus, appeals under § 31 differ from those under § 22(a) both in the court which has jurisdiction thereof and in the subject matter of the appeal.

The record in this case does not show that the department has suspended appellant's driver's license. There is no Department of Public Safety suspension order in the record and appellant's petition to the county court at law did not state that such an order had been issued. In his petition to the county court at law, appellant stated that he was appealing the justice court's decision granting the affirmative findings alleged by appellee; appellant prayed that those findings be set aside and that appellant's license not be suspended. Because appellant's driver's license was never shown to have been suspended and appellant was appealing only the justice court's fact findings, appeal did not lie to the county court at law under § 31. *Texas Department of Public Safety v. Cocke*, 292 S.W. 2d 827 (Tex.Civ.App.1956, no writ).

Appellant's attempted appeal from the affirmative findings of the justice court also fails to qualify as an appeal under § 22(a); that section provides an appeal solely to the county court, not the county court at law. *Williams v. Texas Department of Public Safety*, 371 S.W.2d 747 (Tex.Civ.App.1963, no writ); *Texas Department of Public Safety v. Polk*, 487 S.W.2d 768 (Tex.Civ.App.1972, no writ); *Texas Department of Public Safety v. Cocke, supra*. The County Court at Law of Williamson County had no authority to take jurisdiction of this appeal from the justice court's affirmative fact findings.

Because the court below lacked jurisdiction, this Court will set aside the judgment and dismiss the appeal. *City of Garland v. Louton*, 691 S.W.2d 603 (Tex.1985).