**Ed NILES, Appellant,**

v.

**HARRIS COUNTY FRESH WATER
SUPPLY DISTRICT NO. 1A,**
Appellee.

No. 3748.

Court of Civil Appeals of Texas.

Waco.

June 9, 1960.

Rehearing Denied July 7, 1960.

Louis W. Graves, Jr., Holman, Sacco-manno & Clegg, Houston, for appellant.

Henry E. Doyle, Houston, for appellee.

WILSON, Justice.

Appellant sought damages from appellee for alleged breach of a construction contract. The court rendered judgment for appellee at the conclusion of the evidence. No findings or conclusions were filed or requested.

Appellee invited bids for a sewage treatment plant, sewer lines and storage tank. The notice to bidders stated plans, specifications and bid documents would be furnished and "the bid and other data submitted by bidders will form the basis for negotiations of a contract for all or part" of the work described. When bids were opened, appellant's bid was low, but was rejected as being in excess of available funds. Appellee's engineer then began negotiations with appellant for reductions in extent of the work, which resulted in new plans and specifications and a new

handwritten proposal by appellant for a reduced contract price. The board then voted to accept this proposal, preparing and tendering a formal contract document for appellant's signature. It was signed for appellee by its president and secretary-treasurer, with the corporate seal attached. Appellant was urged to sign the document, but he declined to do so until he checked the new specifications, which he had not previously seen, for conformity to the altered plans.

The following morning a majority of the supervisors met and "decided not to go any further with the contract." This decision had not been communicated to appellant, who, on the same morning signed the contract document and delivered it to appellee's attorney.

Appellant contends that since he alleged execution of the contract which was made a part of his pleading under Rule 59, Texas Rules of Civil Procedure, and since appellee did not verify denial of execution by itself or by its authority as provided by Rule 93(h), the court erred in failing to hold that execution and authority were admitted as a matter of law; and no evidence should have been admitted over his specific objection on these issues.

Appellant's action is not based on acceptance of his original competitive bid of approximately $200,000 for the sewage collection system and disposal plant. He sues for breach of a privately negotiated contract for approximately $156,000. In the negotiations the size of the disposal plant, its capacity and equipment were reduced, the plans were revised, the size unit quantity and excavation depth of the collection system were reduced, the disposal plant was "moved closer to town, not requiring as large lines or as deep lines as would have been required on the original plans," and the specifications were extensively altered. Appellant's new proposal for constructing the disposal plant was for a lump sum. Original bids were required on a unit price basis. The record shows that preliminary cost estimates, before bids were invited, demonstrated it was impossible to do the work originally contemplated by appellee for available funds. "It was considered wise to go ahead and bid this job and see how our bids would run, hoping against fate that we would be able to get a system for a lesser amount of money * * *. The bids exceeded our available funds so it was necessary to prepare additional plans and specifications moving the treating plant closer to town, reducing line sizes, decreasing depths, and in every way possible cutting down on the facility."

■ Assuming that "execution" of the contract was admitted, the language in 93(h) requiring verified denial of the execution by defendant "or by his authority" of written instruments, does not refer to "authority" in the sense of lawful power or basic validity where it is contended an asserted contract is illegal as being contrary to mandatory statutory requirements. The Rule uses the word "by", rather than "with" authority. Illegality is not such a defense as is required to be verified.

■ Art. 7919, Vernon's Ann.Civ. Stats., by which appellee is governed, requires contracts for construction of the improvements here involved to be let to the "lowest responsible bidder" after publication of notice. The prime purpose of such a provision is to stimulate competition, and compliance with it is mandatory. Vilbig Bros. v. City of Dallas, 127 Tex. 563, 91 S. W.2d 336, 339, 96 S.W.2d 229, 230; 34 Tex, Jur., Sec. 3, p. 733; 30–A Tex.Jur., Sec. 444, p. 467. The term "lowest responsible bidder" involves compliance with statutory requirements relating to competitive bidding. 3 McQuillin, Municipal Corps. (Rev. 2d Ed.) Sec. 1330, 1286–1301.

■ The alleged contract under which recovery is sought cannot be said to have been submitted to competitive bidding. The initial proposal contemplated the bid would constitute only the "basis for negotiation of a contract." It did provide that

"estimated quantities" specified were approximate and that in case the actual quantity of any item should become 25% less than the estimated or contemplated quantity" the parties would be entitled to "a revised consideration to be determined by agreement." Although the total reduction in cost, as negotiated, was within 25% of appellant's original bid, there was far more here than a mere reduction in quantity. There is not simply a modification. There was a complete revision of plans and specifications. The proposal for which competitive bids were called was not substantially similar to that on which appellant's action was based, nor was there substantial compliance with the statute. These facts appear on the face of the contract pleaded. There is no contention as to estoppel, or that this case comes within any recognized exception to established rules precluding recovery.

Appellant's points have been considered and are overruled. Affirmed.