**TEXAS ASSOCIATION OF STEEL IM-PORTERS, INC., et al., Appellants,**

**v.**

**TEXAS HIGHWAY COMMISSION et al., Appellees.**

No. 11039.

Court of Civil Appeals of Texas.

Austin.

Jan. 30, 1963.

Rehearing Denied Feb. 20, 1963.

William B. Dazey, Houston, for appellant.

Will Wilson, Atty. Gen., H. Grady Chandler, Asst. Atty. Gen., Austin, for appellee.

ARCHER, Chief Justice.

The Texas Highway Commission passed an order restricting the use of materials by contractors engaged in building highways and other facilities to those manufactured in the United States, its territories, or possessions. Appellants sued in the 53rd Dis-

trict Court at Austin for a declaratory judgment invalidating the order and for injunctive relief. The State demanded a jury trial and the trial court submitted three issues to the jury. The jury failed to agree on two of the three issues submitted to them. The trial court, however, on the grounds that Appellants had failed to show "that Minute Order 48644 was not reasonably related to the assurance of reliable sources of supply" of steel materials, and citing the jury finding that the evidence did not show the order resulted in increased cost of such materials to the State of Texas, rendered judgment for the Appellees.

The appeal is founded on 16 points assigned as error and are that the court erred in failing to conclude that the defendants abused their discretion as a matter of law in refusing to rule that the order was not related to the improvement of Texas Highway System; in refusing to rule that plaintiffs had established by the overwhelming weight of the evidence that the order was not related to the improvement of the Highway System; in refusing to declare that the order was invalid per se because it violated Article 6674h, Vernon's Ann.Civ.St., requiring competitive bidding; in refusing to declare the order invalid because it restricts the use for materials solely on the basis of the geographical location of such; because the order is unconstitutional because it denies plaintiffs equal protection with domestic materialmen; is an interference with the power of the Federal Government to regulate foreign commerce; the order violates Article III, paragraph 4 of the General Agreement on Tariffs and Trade compact; and is invalid as contravening treaty commitments, and results in a diversion of public funds prohibited by the Constitution, and is invalid as violating Article 664–2, Section 1; that the court erred in taking the case from the jury and granting judgment for the defendants on the grounds that the evidence did not show that the order was not reasonably related to the assurance of a reliable source of supply; in putting the burden upon plaintiffs of proving the invalidity of the order; in submitting Issue No. 2 inquiring of the jury if the order was not reasonably related to the assurance of reliable sources of steel products; in submitting Issue No. 3, inquiring if the order has resulted in steel products costing more than they would have cost without the order, and finally in refusing to admit into evidence a transcript of a public hearing offered for a limited purpose.

We have stated the assignments but believe that assignment No. 4 presents the prime question in this appeal and reads:

"The trial court erred in refusing to declare Minute Order 48644 invalid per se because it violates Article 6674h, Vernon's Ann.Tex.Stat., which requires competitive bidding in the letting of highway construction contracts."

Chapter I, Title 116 of our Statutes places the administrative control of the State Highway Department in the State Highway Commission, as set out in Art. 6663, Articles 6665 and 6666 provide for the organization of the Commission and for the establishment and public proclamation of all rules and regulations for the conduct of the work of the Department as may be deemed necessary "not inconsistent with the provisions of the law."

Article 6674h, V.A.C.S., in part is:

"All contracts proposed to be made by the State Highway Department for the improvement of any highway constituting a part of the State Highway System or for materials to be used in the construction or maintenance thereof shall be submitted to competitive bids."

■ Having concluded that a determination of Assignment No. 4 disposes of the appeal, we do not discuss the other phases of this cause as urged by appellants. We believe that the order disbarring all imported materials from the market available

to highway construction contractors acts to restrict competitive bidding and the awarding of bids to the lowest bidder as required by the statute, and that the order is not authorized. Competitive bidding is to

"stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interest of the taxpayers. (10 McQuillin, Municipal Corporations, 3rd Ed., Sec. 29.30, p. 268.)" Article 6674h, V.A.C.S.; Vilbig Bros. v. City of Dallas, 127 Tex. 563, 96 S.W. 2d 229; Niles v. Harris County Fresh Water Supply Dist. No. 1A, Tex.Civ. App., Waco, 336 S.W.2d 637, no writ history, 1960.

There is no question as to an exception to the rule requiring competitive bidding existing in this case, such as where the subject matter is a monopoly. 10 McQuillin, Municipal Corporations, 3rd Ed., Sec. 29.49, pp. 304, 305.

The Attorney General, in an Opinion No. 0-1831, dated February 27, 1940, addressed to the State Highway Engineer in reply to a request of the engineer, construing a provision sought to be included in construction contracts restricting the use of Portland Cement, or cement, to such from domestic sources, advised the Highway Engineer that the Department did not have the authority to insert such clause, citing Gulf Bitulithic Company v. Nueces County, Tex. Com.App., 11 S.W.2d 305, Commission of Appeals of Texas, Section B, opinion adopted by the Supreme Court, Article 6674h, and other texts.

We recognize that although the Attorney General's opinion is not binding on courts, it is of highest persuasive value.

An order such as the one involved herein, must be bottomed upon a specific grant of power either contained in the Constitution or delegated by the Legislature.

Railroad Commission of Texas v. Rowan Oil Co., 152 Tex. 439, 259 S.W.2d 173.

The appellee Commission had made counterpoints to those of appellant and since we are reversing the judgment of the Trial Court we will consider the points as made by appellee.

The first point is that the Court erred in not sustaining Special Exception No. 1 because:

"(1) Said petition shows upon its face that it constitutes a suit against the State of Texas and does not allege that plaintiffs have secured consent or permission from the Legislature of the State of Texas to file said suit, and this court, therefore, does not have jurisdiction of said cause."

Other points were that the plaintiffs' petition shows on its face that there is a "non-joinder of a necessary party, the State of Texas," and shows on its face that the suit is to enjoin contracts by the Commission for the construction of highways without a statement of any fact to show that any contract is illegal.

The fourth point is that the plaintiffs' petition does not allege any facts to show that either of the plaintiffs has a justiciable interest in the subject matter of the suit, and finally that the petition does no more than allege matters pertaining to a political affair, as to whether any law or order should be enacted requiring that all contracts to provide that all materials shall be of domestic manufacture.

We believe, as stated hereinabove, that the Minute Order is not authorized and is therefore not a suit against the State, and that the plaintiffs, as alleged, have a justiciable interest in the subject matter so as to maintain this cause of action, in that the order unlawfully prohibits plaintiffs from offering to the State Highway Department steel materials, the quality and cost of which is equal to or better than

materials offered by others who are not residents of the State. We believe that appellees acted beyond their statutory authority and that the suit is not against the State as sovereign to impose liability or the performance of a contract. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837.

In Griffin v. Hawn, 161 Tex. 422, 341 S.W.2d 151, it was held that "[t]he question is not whether the respondents were acting on behalf of the State to accomplish a proper governmental purpose but whether the action they were about to take is authorized by law."

We believe that plaintiffs as citizen taxpayers have a right to challenge the action of the defendants in passing and enforcing the order, because they were devoid of authority to enter the order.

City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton, Tex.Civ.App., 187 S.W. 367, error ref.; Johnson v. Ferguson, Tex.Civ.App., 55 S.W.2d 153, error dism.

We have given consideration to the cases cited by appellee, such as Atkin v. Kansas, 191 U.S. 207, 24 S.Ct. 124, 48 L.Ed. 148, Perkins v. Lukens Steel Company, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108, but believe them distinguishable from the instant case because all of the acts are of the sovereign, acting by and through its duly authorized agent, and as distinguished from Copper Plumbing & Heating Company v. Campbell, 110 U.S.App.D.C. 177, 290 F.2d 368.

■ The Legislature can amend the statutes as such Body may deem proper, but the courts must accept the statutes as written and we do so when there is no question of constitutionality.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.