**Robert Charles ALLEN, Appellant,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 14930.**

Court of Civil Appeals of Texas.

Houston.

Dec. 15, 1966.

Rehearing Denied Jan. 5, 1967.

R. E. McDaniel, Winnie, for appellant.

Joe Resweber, County Atty., Bruce D. Mosier, Asst. County Atty., Houston, for appellees.

WERLEIN, Justice.

Appellant, Robert Charles Allen, a minor, by next friend, brought this suit against the State of Texas, the Department of Public Safety of the State of Texas, Homer Garrison, Jr., the Director of the Department of Public Safety of the State of Texas, in his official capacity as such Director, and M. M. Brown, in his official capacity as Justice of the Peace of Harris County, Texas, seeking a declaratory judgment that Article 6687b, Vernon's Annotated Texas Statutes, is unconstitutional and void, that the orders of the Texas Department of Public Safety with respect to the suspension of appellant's driving license are void, that appellant is entitled to have his driver's license renewed without another examination, and that the defendants be enjoined from proceeding against appellant in the matter pending before the said M. M. Brown in the Justice Court presided over by him, except to dismiss the same.

Appellees, the State of Texas, the Texas Department of Public Safety and Homer Garrison, Jr., in his official capacity, filed a motion to dismiss appellant's suit on the ground that the suit was filed without the consent of the State of Texas which claimed sovereign immunity, and also because there was no justiciable controversy between the parties. The trial court, after notice to appellant and a hearing at which all parties were present, entered judgment severing appellant's cause of action as to the said M. M. Brown who made no appearance though duly cited, and dismissed the cause of action against said appellees. The court also on the same day in the sever-

ed cause entered judgment by default against the defendant, M. M. Brown, enjoining him from proceeding further with the administrative hearing pending before him, against appellant, wherein an affirmative finding was sought to be had and obtained against said Robert Charles Allen, except to dismiss the same.

Appellant asserts that the trial court erred in dismissing the suit as to said appellees for want of jurisdiction based on the doctrine of sovereign immunity, and also in dismissing the suit on the theory that no justiciable controversy existed between appellant and appellees. In his cross-points appellant contends that the trial court erred in not holding Article 6687b, V.A.T.S., unconstitutional and void under the Constitution of the State of Texas and the Constitution of the United States.

■ Appellees assert that the court properly dismissed appellant's cause of action under the doctrine of sovereign immunity. In Department of Public Safety v. Great Southwest Warehouses, Inc., 352 S.W.2d 493, writ ref., n. r. e., it was held that a suit against a State agency or department is a suit against the state where the agency is exercising only governmental functions (citing authorities) and that the state may not be sued without its consent which may only be obtained by legislative permission. Hosner v. DeYoung, 1 Tex. 764; State v. Isbell, 127 Tex. 399, 94 S.W.2d 423. The rule of state immunity from suit without its consent applies to suits under the Uniform Declaratory Judgments Act, Article 2524–1, V.A.T.S. See W. D. Haden Co. v. Dodgen, Tex.Sup.1958, 308 S.W.2d 838 and authorities there cited.

■ The Department of Public Safety and its director are charged with the administration and enforcement of the Texas Motor Carrier Act. If they were properly exercising their duties and functions in behalf of the State in the administration and enforcement of the Act, and acting within the scope of authority lawfully conferred upon them, they had the right in the defense of the case to rely upon sovereign immunity since the suit was brought without the State's consent. On the other hand, if they acted illegally, wrongfully or in a manner not authorized by law with respect to appellant and his legal rights, they would not be entitled to protection under the doctrine of sovereign immunity since the suit would not be one against the State. Cobb v. Harrington, Tex.Sup.1945, 190 S.W.2d 709; Forbes v. Texas Department of Public Safety, Tex.Civ.App., 335 S.W.2d 439; Texas Highway Com'n v. Texas Ass'n of Steel Imp., Inc., Tex.Sup.1963, 372 S.W.2d 525.

This presents the problem of determining from the allegations in appellant's pleading since his suit was dismissed, whether or not said appellees were properly exercising the functions of sovereignty in connection with the matters complained of by appellant. A careful reading of appellant's petition shows that appellant's suit is based upon two propositions, first, that the acts of which he complains were wrongful and illegal because his license had never been suspended, and second, that all of the acts performed by appellees were illegal because in violation of the Constitution of the State of Texas and the Constitution of the United States.

Insofar as we can determine from reading appellant's petition contained in the transcript filed in this case (there is no statement of facts), the Department of Public Safety, pursuant to action taken by the Judge of the Justice of the Peace Court, Precinct 3, of Harris County, Texas, on May 3, 1965, in which an affirmative finding was rendered in favor of the Department, suspended appellant's driving license on May 13, 1965 for a period of twelve months effective May 20, 1965. On May 19, 1965 appellant addressed a letter to the County Judge of Harris County as an administrative officer, enclosing an appeal petition which appellant alleged was received by the County Judge or his executive

assistant on May 20, 1965. The appeal petition clearly shows that it was an attempt to appeal from the administrative order of the Justice of the Peace of Precinct 3 of Harris County, Texas, under Section 22(a) of Article 6687b, V.A.T.S. In such petition appellant prays that the County Judge of Harris County acting as an administrative officer, hear his appeal, and that upon final hearing appellee be denied an affirmative finding. The appeal petition was returned to appellant by the County Judge's Executive Assistant because appellant failed to make a cost deposit. In view of our holding in this case, it is not necessary to decide whether or not such officer acted wrongfully.

Prior to the receipt by the County Judge of the appeal petition from said administrative order of the Justice of the Peace, the Department of Public Safety had suspended appellant's driving license, and such suspension was effective since it became effective at 12:01 A.M., May 20, 1965. Appellant had elected to appeal from the administrative order of the Justice of the Peace but his appeal was taken too late from said administrative order since the suspension was already effective. Appellant did not appeal either to the County Court or the County Court at Law from the order of the Department suspending his license, as he could have done under Section 22(c) of Article 6687b, V.A.T.S. Hence the suspension of appellant's license continued in effect and was not stayed in any manner by an appeal. In Texas Department of Public Safety v. King, Tex.Sup.1963, 366 S.W.2d 215, the Court said:

"We construe Section 22(c) to afford a licensee an election between the appeal provisions of Section 22(a) and Section 22(c). He may appeal the affirmative finding of guilt by the hearing officer to the county court under Section 22(a) which does not require or contemplate an actual suspension of the license by the Department prior, or as a prerequisite, to the appeal.

"If the license is suspended on the basis of suspension reasons 3, 4, 5, 8, or 9 of Section 22(b), the appeal provisions of Section 22(c) are also available to him. In such cases, he can await the order of the Department suspending his license on the basis of the prior affirmative finding of the hearing officer and, if unwilling to accept the decision of the Department, bring an appeal suit pursuant to Section 22(c)."

In the instant case appellant elected to appeal under the provisions of Section 22(a) and not Section 22(c), but his appeal was ineffective since prior to the perfection thereof his license was suspended. It is our view that his license was properly suspended and continued to be suspended, so that the acts complained of by him based upon his claim that his license was not suspended were properly performed by the Department and its Director in the administration and enforcement of the Act. See also Williams v. Texas Department of Public Safety, Tex.Civ.App., 371 S.W.2d 747.

The 1965 amendment to Article 1, Sec. 1, of the Act, which became effective August 31, 1965, adds paragraph (r), reading: " 'The suspension or revocation of a license.' Shall be considered as a penalty and subject to executive clemency as any other fine or punishment." It is appellant's contention that subsequent to this amendment the suspension of a driver's license is a penalty, and that under the provisions of Article 5, Section 8, of the Constitution of Texas, Vernon's Ann.St., exclusive jurisdiction in all suits in behalf of the State to recover penalties, forfeitures and escheats, is in the District Courts of Texas. From this appellant argues that Article 6687b, V.A.T.S., is void and unconstitutional since it conflicts with said Article of the State Constitution, and that hence all orders issued by any of the appellees are also void and of no force and effect. We do not agree with appellant.

It seems clear that in stating the suspension or revocation of a license shall

be considered as a penalty, it was the intention of the Legislature to subject such suspension or revocation to executive clemency, thus permitting a pardon or remission of the fine or punishment. In suspending appellant's driving license the State was not undertaking to recover a penalty, forfeiture or escheat within the purview of Article 5, Sec. 8, of the Texas Constitution. In Baldacchi v. Goodlet, Tex.Civ. App., 145 S.W. 325, writ den., it was held that a license to sell intoxicating liquor is a mere permit and not a vested property or contract right, and that the State may in the exercise of its police power, revoke it. The Court further held that a proceeding authorized by the Acts of the 31st Legislature for the revocation by the Comptroller of Public Accounts of liquor licenses for violation of the law by liquor dealers was not a suit by the State for forfeiture or penalty within Article 5, Sec. 8, of the Constitution of the State of Texas conferring on the District Court exclusive jurisdiction of such cases. The law is well settled that a license to operate a motor vehicle upon the public highways is not embraced within the term "civil rights" and is not a contract or property right in any legal or constitutional sense but rather a mere license or privilege. Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950; 7 Amer.Jur.2d, p. 668, Sec. 97.

■ Appellant also prays that the court order the Texas Department of Public Safety to renew his license without another examination. Section 10 of Article 6687b provides, among other things, that the Director of the Department of Public Safety shall have the authority to cause to be reexamined a licensee in any case in which in his judgment the licensee is incapable of operating a motor vehicle. Since there is no allegation that the Director in requiring a re-examination of appellant, was acting in excess of the authority conferred upon him by law, his action in such connection was that of the State.

*Judgment affirmed.*