

# The Attorney General of Texas

March 5, 1981

MARK WHITE
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915-533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713-650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N Tenth, Suite B
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Peyton McKnight
Chairman
Subcommittee on Nominations
Senate of the State of Texas
Austin, Texas  78711

Opinion No. MW-296

Re: Whether negotiation of con-
tract terms prior to acceptance of
bid violated article 2368a, V.T.C.S.

Dear Senator McKnight:

Early in 1980, the city of Grand Saline advertised for competitive bids on a contract to complete a sewerage treatment plant. Each of the five bids submitted exceeded the funds available for the project. In order to reduce project costs, the city altered its plans; however, it only presented these revisions to the original low bidder, who submitted a revised bid which the city found acceptable. The Department of Water Resources has questioned the validity of this procedure in light of state competitive bidding laws, and it has declined to certify the award of the contract to the Environmental Protection Agency pending resolution of this question by this office. You have requested our opinion on this matter.

Articles 2368a and 2368a.3, V.T.C.S., are relevant in this inquiry. The former provides in pertinent part as follows:

> Section 2.     (a). .. no city. .. shall .. make any contract calling for... the expenditure of. .. Three Thousand Dollars. .. or more. .. without first submitting such proposed contract to competitive bids. .... [S]aid contract shall be let to the lowest responsible bidder.

> . . . .

> (d)  ... all .. contracts. .. made. .. without complying with the terms of this Section, shall be void and shall not be enforceable in any court. . . . .

> . . . .

> Section 2a.     . . . .In the event it becomes necessary to make changes in the plans or specifications after performance of a contract has been

> commenced. . . the. . . governing body shall be authorized to approve change orders effecting such changes. . . . (Emphasis added).

The latter, which applies to incorporated cities, among other entities, sets forth specific requirements pertaining to the bidding of certain public works contracts.

Niles v. Harris County Fresh Water Supply District No. 1A, 336 S.W. 2d 637 (Tex. Civ. App. - Waco 1960, writ ref'd), involved similar facts. The district invited bids for a sewerage treatment plant, sewer lines, and a storage tank. The notice stated that plans, specifications and bid documents would be furnished, and that the data submitted by bidders would form the basis for negotiating a contract. All of the bids submitted exceeded available funds; however, the district initiated negotiations with Niles, who submitted the lowest bid, to reduce the extent of the work. These negotiations resulted in new plans and specifications and a proposal by Niles for a reduced contract price. The district's board first accepted the proposal, but later rejected it, and Niles filed suit alleging breach of contract.

In upholding the trial court's judgment in favor of the district, the court of civil appeals emphasized that the competitive bidding process is designed to stimulate competition, and that compliance with statutory bidding requirements is mandatory. It further stated that:

> The alleged contract. . . cannot be said to have been submitted to competitive bidding. . . . Although the total reduction in cost, as negotiated, was within 25% of appellant's original bid, there was far more here than a mere reduction in quantity. There is not simply a modification. There was a complete revision of plans and specifications. The proposal for which competitive bids were called was not substantially similar to that on which appellant's action was based, nor was there substantial compliance with the statute. (Emphasis added).

336 S.W. 2d at 638-39.

In Overstreet v. Houston County, 365 S.W. 2d 409 (Tex. Civ. App. - Houston 1963, writ ref'd n.r.e.), the county awarded an air conditioning contract to Craddock. When Craddock discovered that he was unable to comply with the original plans, the commissioners court authorized him to deviate from those plans. In a subsequent lawsuit, the court of civil appeals held that article 2368a, section 2a (see above), authorized the commissioners court to make such changes without having to invite bids on the modified plans. However, two crucial factors in the court's reasoning were that work on the contract had already begun, which made section 2a applicable, and that the modifications did not necessitate any change in the contract price. The facts which you have submitted indicate that neither of these factors exists here. See also Ashby v. James, 226 S.W. 732 (Tex. Civ. App. - Amarillo 1920, no writ); Headlee v. Fryer, 208 S.W. 213 (Tex. Civ. App. - Dallas 1918, writ dism'd).

These cases suggest that the critical inquiry is whether the revisions are material and substantial, or in other words, whether the revised plans are substantially similar to the original ones. See Attorney General Opinion V-981 (1949). If enough changes are made, the revised plans will be treated as a new proposal, and new bids will have to be solicited in order to prevent the objectives of the bidding statutes from being defeated. With respect to those objectives, our courts have stated that bidding presupposes:

> 'due advertisement, giving opportunity to bid, and contemplates a bidding on the same undertaking upon each of the same material items covered by the contract; upon the same thing. It requires that all bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions involved in all the items and parts of the contract, and that the proposal specify as to all bids the same or substantially similar specifications.'

Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W. 2d 525, 527 (Tex. 1963), quoting Sterrett v. Bell, 240 S.W. 2d 516, 520 (Tex. Civ. App. - Dallas 1951, no writ).

In this instance, the city did not accept any of the bids. Section 2a of article 2368a does not apply. The only question is whether the manner in which this contract was awarded comported with the competitive bidding statutes. Even if we assume that the proper test is whether the revised plans are substantially similar to the original ones, we believe we must answer this question in the negative. More than 35 changes in the original plans were made, which changes resulted in a revised bid which was approximately 25% less than the original $1,209,000 amount. We think these changes were substantial enough that the revised plans constituted a new proposal, upon which new bids must be solicited.

The competitive bidding statutes require that all bidders have an opportunity to bid on the same undertaking. Such an opportunity cannot exist when plans are substantially altered after bids are received, but only one bidder is afforded a chance to submit a revised bid based upon the modified plans. And this process cannot be justified by contending that the original low bidder would likely have been the low bidder on the revised project; another bidder, or perhaps someone who did not originally bid, might well have underbid the low bidder had a new opportunity been afforded. This is particularly true in this instance, where the facts indicate that less than $1,000 separated the two lowest bids.

For the foregoing reasons, we conclude that the manner in which this contract was awarded violated articles 2368a and 2368a.3. The city should have rejected all bids on the original contract and then invited bids on the revised plans, and its failure to do so defeated the objectives of the competitive bidding process.

## SUMMARY

The manner in which the city of Grand Saline awarded this contract for the completion of a sewerage treatment plant violated articles 2368a and 2368a.3, V.T.C.S.

Very truly yours,

**MARK WHITE**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Robert T. Lewis
Bruce Youngblood