

# The Attorney General of Texas

February 8, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Homer A. Foerster
Executive Director
State Purchasing and General
   Services Commission
L.B.J. State Office Building
Austin, Texas   78711

Opinion No. MW-440

Re:   Authority  of  State
Purchasing   and   General
Services  Commission  to award
contracts on competitive pro-
posals rather than competitive
bids

Dear Mr. Foerster:

You advise that in October 1980, the State Purchasing and General Services Commission received the Report of the Operational Audit Committee of the Governor's Budget and Planning Office recommending that your commission "employ the competitive sealed proposal method as an alternative to competitive sealed bidding, particularly when factors other than acquisition price are important." The commission requests our "concurrence" that this method is permitted under article 3 of article 601b, V.T.C.S.

Article 601b, section 3.10 states:

> In purchasing supplies, materials, services, and equipment the commission may use, but is not limited to, the contract purchase procedure, the multiple award contract procedure, and the open market purchase procedure. The commission shall have the authority to combine orders in a system of schedule purchasing, and it shall at all times try to benefit from purchasing in bulk. <u>All purchases of and contracts for supplies, materials, services, and equipment shall, except as provided herein, be based whenever possible on competitive bids.</u> (Emphasis added).

The "contract purchase procedure" and the "open market purchase procedure" are both described in detail by subsequent sections. <u>Id.</u> §§3.11, 3.12. Section 3.10 does not require the commission to use either procedure to the exclusion of other procedures, but it does require that <u>all</u> purchases and contracts shall (except as therein provided) be based on competitive bids "whenever possible."

The exceptions provided therein are few.  As amended in 1981, section 3.08(a) of article 601b provides that competitive bidding is not required for state agency purchases of $100 or less (or of $500 or less if the commission should so prescribe by rule).  See V.T.C.S. art. 601b, §3, Acts 1981, 67th Leg., ch. 546, at 2265.  Although certain required preferences affect the selection of the "lowest and best bid," see article 601b, sections 3.20, 3.28, V.T.C.S., the only other exemption provided by article 601b from the competitive bidding requirement is an exemption for blind-made products found in section 3.22.  With those exceptions, the commission is to make purchases on competitive bids "whenever possible."

As noted in Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525, 527 (Tex. 1963):

> Competitive bidding... contemplates a bidding on the same undertaking upon each of the same material items covered by the contract; upon the same thing.  It requires that all bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions involved in all the items and parts of the contract, and that the proposal specify as to all bids the same, or substantially similar specifications.  Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price....  There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or materialman, or increase the cost of the work or of the materials or other items going into the project.  (Emphasis added).

See also Sterrett v. Bell, 240 S.W.2d 516, 520 (Tex. Civ. App. - Dallas 1951, no writ); Attorney General Opinion H-24 (1973).

A "bid" is an offer to contract, and an invitation for bids is merely a solicitation of such offers.  See A & A Construction Company, Inc. v. City of Corpus Christi, 527 S.W.2d 833 (Tex. Civ. App. - Corpus Christi 1975, no writ); Lane and Nearn v. Warren, 115 S.W. 903 (Tex. Civ. App. 1909, writ ref'd).  In the law of contracts, a "proposal" is also an offer.  Daugherty v. Missouri-Kansas-Texas Railroad Company of Texas, 221 S.W.2d 928 (Tex. Civ. App. - Austin 1949, no writ).  Thus, the term "competitive proposals" does not in itself signify a procedure different from that of "competitive bids." As you describe the proposed procedure, however, and as it is delineated by the rules the commission contemplates, it does not provide for competitive bidding in a legal sense.

You advise that "competitive sealed proposals" is a method of procurement included in the "Model Procurement Code for State and Local Governments" section 3.203 (1979), developed by the American Bar Association for statutory adoption, and we note that the rules proposed by the commission closely resemble the suggested statutory provisions and accompanying commentary by the American Bar Association. The suggested code has not been adopted by the Texas Legislature, however, and we do not think the commission can implement it by rule. In exercising its rule making power, the commission may not act contrary to the expressed statutory purposes; the commission must act consistently with and in furtherance of those purposes. See Attorney General Opinion MW-332 (1981). The code provisions, as interpreted by the commission's proposed rules, are inconsistent with the competitive bidding requirements of article 601b, V.T.C.S.

The inconsistency is succinctly pointed out by the portion of the contemplated rules discussing the use of "competitive sealed proposals." It states:

> The competitive sealed proposals method differs from competitive sealed bidding in two important ways:
>
> (i)  it permits discussions with competing vendors and changes in their proposals including price; and
>
> (ii) it allows comparative judgmental evaluations to be made when selecting among acceptable proposals for award of the contract.

Again the proposed rules state:

> An important difference between competitive sealed proposals and competitive sealed bidding is the finality of the initial offers. Under competitive sealed proposals, alterations in the nature of a proposal, and in prices, may be made after proposals are opened. Such changes are not allowed, however, under competitive sealed bidding.

In Niles v. Harris County Fresh Water Supply District No. 1A, 336 S.W.2d 637, 637 (Tex. Civ. App. - Waco 1960, writ ref'd), the governmental body invited bids for a sewage treatment plant and other facilities, the notice to bidders stating that plans, specifications and bid documents would be furnished, but that "the bid and other data submitted by bidders will form the basis for negotiations of a contract for all or part" of the work described. After negotiations

with the low bidder resulted in a number of alterations of the original bid documents, a contract between the governmental district and the bidder was signed. The court held that the statute by which the fresh water supply district was governed required competitive bidding, that the prime purpose of such a statute is to stimulate competition, that compliance with such statutes is mandatory, and that the contract was illegal because the proposal for which competitive bids were called was not substantially similar to the contract executed, nor was there substantial compliance with the statute. See Attorney General Opinion MW-296 (1981). See also Attorney General Opinions MW-299 (1981); MW-91 (1979). The procedure followed by the fresh water supply district in the Niles case was somewhat similar to the "competitive sealed proposals method" suggested by the commission's proposed rules and the American Bar Association's Model Code. Such a method is inconsistent with the competitive bidding requirement of article 601b, V.T.C.S., which applies "whenever possible." See Headlee v. Fryer, 208 S.W.213 (Tex. Civ. App. - Dallas 1919, writ dism'd). Cf. V.T.C.S. art. 2368a; Overstreet v. Houston County, 365 S.W.2d 409 (Tex. Civ. App. - Houston 1963, writ ref'd n.r.e.) (statute authorized changes).

The use of the term "whenever possible" leaves little to the discretion of the commission. It means that purchases are to be made on competitive bids unless in the particular circumstance it is not possible to do so. See Rogers v. Department of Civil Service, 111 A.2d 894 (N.J. 1955). Although there may be instances in which the commission may properly determine that a purchase on competitive bids is not possible, the controlling principle is that purchases are to be made on a competitive bids basis. Cf. V.T.C.S. art. 601b, §3.07 (emergency purchases). The commission's proposed rules would permit the use of the "competitive sealed proposals method" whenever it considered the use of competitive bids either "not practicible" or "not advantageous." Those terms, as defined by the proposed rules, are not the substantial equivalents of "whenever possible" as used by the legislature in article 601b. Cf. Attorney General Opinion MW-310 (1981) (commission may promulgate "not possible" rules).

Of course, the commission is not prohibited from soliciting information or proposals which it may wish later to incorporate in plans and specifications submitted to prospective bidders regarding a contract thereafter to be submitted to competitive bids, cf. article 6252-11c, V.T.C.S. (private consultants), but it may not call for proposals and then negotiate a different contract with the preferred contractor instead of submitting the contract finally proposed to unrestricted competitive bidding. Texas Highway Commission v. Texas Association of Steel Importers, supra; Headlee v. Fryer, supra. See also Attorney General Opinions MW-139 (1980); H-972 (1977).

## S U M M A R Y

The "competitive sealed proposals method" of procurement as described is inconsistent with the competitive bidding requirements of article 601b, V.T.C.S., and, whenever competitive bidding is possible, the competitive proposal method may not be used by the State Purchasing and General Services Commission in lieu of a competitive bidding procedure.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Robert Gauss
Rick Gilpin
Bruce Youngblood