**ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant,**

v.

**TEXAS STATE DEPARTMENT OF HIGHWAYS & PUBLIC TRANSPORTATION, Appellee.**

No. B14–88–869–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 1989.

Otto D. Hewitt, III, Michael B. Hughes, Kenneth J. Bower, Evelyn T. Ailts, Galveston, for appellant.

Kevin Yul Wright, Hector J. Flores, Austin, Steven C. Kiser, Midland, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

Atchison, Topeka & Santa Fe Railway Company ("ATSF") appeals from a summary judgment entered in favor of the appellee, Texas Department of Highways & Public Transportation ("Highway Department"). ATSF claims the trial court erred in granting the summary judgment because the doctrine of sovereign immunity is inapplicable and appellee failed to meet its summary judgment burden of proof. Because we find that appellee met its burden of proving immunity from suit under the doctrine of sovereign immunity, we affirm.

Appellee contracted with ATSF to transport materials to various construction sites. These materials were for use in the construction of public highways. ATSF claims freight was delivered to several Texas cities and appellee accepted delivery, but appellee failed to return the rail cars within a stated time limit. Appellee claims that other contractors were responsible for returning the rail cars. Because of this failure to timely return the rail cars, ATSF sought to recover the resulting demurrage charges. ATSF did not obtain legislative permission to sue and the state did not consent to suit.

Appellee moved for summary judgment claiming that, as an agency of the state, sovereign immunity barred ATSF's suit, absent state consent or legislative permission. ATSF responded to appellee's motion and claimed that sovereign immunity was inapplicable in this case because the materials transported by ATSF were for highway construction, which ATSF alleged was an unprotected proprietary function.

In point of error one, ATSF contends the doctrine of sovereign immunity is inapplicable to the allegedly proprietary functions involved in this case, and thus, the trial court erred in granting appellee's motion for summary judgment. In point of error two, ATSF claims the trial court erred in granting summary judgment because appellee failed to meet its summary judgment burden of proof.

The standard for appellate review of a summary judgment is whether the movant has met the burden of establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Thus, the movant bears the burden of proving "all the essential elements of his cause of action or defense as a matter of law." *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 374 (Tex.1984).

■ ATSF claims that sovereign immunity is inapplicable because appellee performs proprietary, rather than governmental functions in the construction of highways. In support of this contention, appellee cites *Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc.*, 372 S.W.2d 525 (Tex.1963) in which the court stated:

> While the State of Texas in building highways through its Highway Department is acting in a proprietary rather than a sovereign capacity *insofar as for-*

*eign commerce is concerned,* it is undoubtedly operating in an area largely controlled by agreements and treaties negotiated by the central government. *Id.* at 529 (emphasis added). By quoting part of the above statement out of context, appellee contends that construction of highways by the state is a proprietary function. We disagree. *Texas Highway Comm'n* involved a challenge to a Texas Highway Commission Minute Order that limited the field of bidders on construction contracts to materials suppliers offering domestically manufactured materials. *Id.* at 526. The court held this order invalid as violative of the competitive bidding statute. *Id.* at 530. In reaching this decision, the court noted that this was not a suit against the state, *Id.* at 531, apparently affirming the court of appeals holding that sovereign immunity is inapplicable where the Highway Commission acts beyond its statutory authority. *See Texas Ass'n of Steel Importers, Inc. v. Texas Highway Comm'n,* 364 S.W.2d 749, 752 (Tex.Civ.App.—Austin), *aff'd,* 372 S.W.2d 525 (Tex.1963). The court's classification of highway construction as a proprietary function is limited to the Highway Commission's involvement with foreign commerce. *Texas Highway Comm'n,* 372 S.W.2d at 529.

■ The general rule is that, as an agency of the state, the Highway Department performs a governmental function in the construction and maintenance of state highways. *Powell v. State,* 118 S.W.2d 960, 962 (Tex.Civ.App.—Austin 1938, writ ref'd); *Gotcher v. State,* 106 S.W.2d 1104, 1104 (Tex.Civ.App.—Austin 1937, no writ); *Martin v. State,* 88 S.W.2d 131, 132 (Tex. Civ.App.—El Paso 1935, writ ref'd). Furthermore, a suit against a state agency performing governmental functions is a suit against the state. *Hill v. Texas Water Quality Board,* 568 S.W.2d 738, 739 (Tex. Civ.App.—Austin 1978, writ ref'd n.r.e.). If the Highway Department properly performed their duties within its statutory authority, it may rely upon the doctrine of sovereign immunity since ATSF failed to obtain state consent or legislative permission to sue. *See Allen v. State,* 410 S.W.2d 52, 54 (Tex.Civ.App.—Houston 1966, no

writ). If the Highway Department acted illegally, wrongfully, or beyond its statutory authority, sovereign immunity is unavailable and the suit is not one against the state. *Id.*

■ As summary judgment movant, the Highway Department established its entitlement to sovereign immunity by showing it was an agency of the state exercising governmental functions. This showing was sufficient to negate ATSF's claim that appellee was performing proprietary functions. ATSF did not claim that appellee acted illegally or beyond its statutory authority, and as movant, appellee was not required to negate a claim that ATSF did not raise. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). We find that appellee met its summary judgment burden of proof and we overrule points of error one and two.

We affirm the judgment of the trial court.